Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for Marlene G. Weinstein,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

      ZANOON INC.
         *dba* Crepevine/Cascabel,

      Debtor.

Case No. 25-30519 HLB
Chapter 7
Hon. Hannah L. Blumenstiel

[No Hearing Required Unless Requested]

**MOTION FOR ORDER AUTHORIZING COMPROMISE OF CLAIMS
<u>AND SALE OF ASSETS</u>**

Marlene G. Weinstein, Chapter 7 Trustee of the estate of the above Debtor, hereby moves the Court for an order authorizing her to enter into an agreement with Tareq Fakhouri ("Tareq") to settle claims against him that are property of the Debtor's bankruptcy estate, to sell to him claims against his cousin, Maher Fakhouri ("Maher"), and others identified below that are property of the bankruptcy estate, and to sell to Tareq or his designee the Debtor's Type 47 Liquor License No. 575464. The Trustee has required that any settlement or sale of claims and causes of action must be linked to Tareq's purchase of the liquor license, which he previously agreed to purchase. Tareq will waive any claim he or his entities might assert against the estate. Tareq will pay the bankruptcy estate $150,000, which is allocated as follows: $100,000 to purchase the liquor license and $50,000 for settlement of the estate's claims against him and purchase of the estate's claims against Maher and others identified below. The liquor license may be subject to small tax "holds" in favor or state

Case: 25-30519   Doc# 38   Filed: 07/27/26   Entered: 07/27/26 09:17:54   Page 1 of 7

and local agencies. The claims or causes of action are subject to a lien in favor of the Small Business Administration which is owed in excess of $100,000.

Tareq has deposited $25,000 with counsel for the Trustee which will be released to the Trustee only after the Bankruptcy Court has authorized the sale of the liquor license and the sale and settlement of claims. Within 15 days after entry of the order authorizing the Trustee to enter into the agreement with Tareq, Tareq shall deliver the $125,000 balance of the consideration to the Trustee. Promptly after delivery of the balance, Tareq shall open an escrow for purchase of the liquor license at Innovative Escrow in Valencia, California, and the Trustee shall promptly deposit the $100,000 purchase price from the funds delivered by Tareq.

The sale of the liquor license for $100,000 represents the upper range of estimated fair market value provided by the Trustee's liquor license broker. In the exercise of her business judgment, the Trustee believes that a sale to Tareq or his designee of the liquor license at this price is in the best interest of the estate. Sales of assets are measured according to the business judgment test.

The Trustee is proposing to pay a 10 percent commission on sale of the license to her liquor license broker ARA Liquor License Consultants which was employed pursuant to order dated August 27, 2025.

Tareq and Maher have been in litigation with each other in Marin County Superior Court. Tareq and Maher are the Debtor's only shareholders; Maher holds 65 percent of the shares; Tareq holds the remaining 35 percent of the shares. The litigation was commenced by Maher before the Debtor filed its voluntary Chapter 7 petition. Among the claims alleged, both Maher and Tareq asserted claims against each other for general damage to the Debtor. When the Debtor filed its Chapter 7 petition, claims for general damage to the Debtor (*e.g.*, loss of stock value, diversion of assets) became property of the Debtor's bankruptcy estate and are subject to the exclusive authority of the Trustee because such conduct damaged the Debtor as a whole, and not solely a specific party. In their complaints and cross-complaints, Maher and Tareq each alleged that the other deprived him of benefits of his ownership interest in the Debtor. The Trustee has made clear to both Maher and Tareq that claims they have asserted for general damage to the Debtor are "Derivative Claims" that

Case: 25-30519    Doc# 38    Filed: 07/27/26    Entered: 07/27/26 09:17:54    Page 2 of 7

belong to the bankruptcy estate and that they are not permitted to assert them on their own behalf in any litigation against any party. Some of the claims asserted by Maher and Tareq may be claims that are personal to each and not owned by the bankruptcy estate. Such claims are not part of the proposed transaction.

By this motion, the Trustee is requesting authority to compromise (and sell to Tareq) any and all of the bankruptcy estate's claims against him, including but not limited to Derivative Claims owned by the bankruptcy estate that are asserted by Maher against Tareq in his pleadings in Marin County Superior Court. Specifically included are claims against Tareq for avoidance of preferential transfers under Section 547 of the Bankruptcy Code and fraudulent transfers under Section 548 of the Bankruptcy Code and under state law.

The Trustee is also requesting authority to sell to Tareq all of the estate's right, title, and interest in Derivative Claims now owned by the bankruptcy estate asserted by him in his cross-complaint and amended cross-complaints in Marin County Superior Court and any and all Derivative Claims that might otherwise be alleged by the Debtor's estate against Maher, Petra Consulting & Accounting, Fawzi Habhab, Mazen Fahkouri, Mohanad Alnounou, Crepevine Ranch, Inc., members of the Debtor's board of directors, and any other party. Excluded from the sale are claims against any party other than those identified above that arise under the Trustee's avoidance powers under Chapter 5 of the Bankruptcy Code. The excluded Chapter 5 claims will remain with the bankruptcy estate except as provided in the agreement (i.e., the settled claims against Tareq). Also excluded from the sale is a claim against Maher for avoidance of a pre-petition $65,000 transfer that was disclosed in the Debtor's statement of financial affairs; that claim against Maher remains in the estate.

The Trustee would be disinclined to prosecute the claims asserted in the complaints and cross-complaints between Maher and Tareq even if there were sufficient funds on hand with which to fund the litigation. The agreement with Tareq is of primary importance to the estate because it calls for sale of the estate's most valuable asset, the Type 47 liquor license (License No. 575464) which is mostly unencumbered. The proceeds of sale of the license are the only source of payment for general creditors and administrative claimants. Tareq has offered a fair price for the license. A

Case: 25-30519    Doc# 38    Filed: 07/27/26    Entered: 07/27/26 09:17:54    Page 3 of 7

3

sale of the liquor license for $100,000 is in the best interest of the estate and its general creditors. The sale and settlement of claims will extract the bankruptcy estate from the litigation and permit the Trustee to close the estate before the litigation between Maher and Tareq is completed. The $100,000 in general consideration for the liquor license is expected to result in a meaningful dividend to pre-petition creditors. The $50,000 payment for the Derivative Claims is subject to the lien in favor of the U.S. Small Business Administration, and will be turned over to the Small Business Administration. The payment will significantly reduce its claim in the estate. In the exercise of her business judgment, the Trustee contends that the agreement with Tareq is in the best interest of the estate.

The Trustee anticipates that Maher may object to the proposed transaction with Tareq with or without an offer to pay a larger sum of money for the assets being sold. However, the Trustee is not proposing approval of the transaction as subject to overbid. If someone intends to object to the agreement with Tareq and insist that overbidding be required, that person should understand that the Trustee is selling a bundle of assets (i.e., the license and the claims) and the Trustee will not separate them for an objecting party. An objecting party should also understand that, if the Court requires the Trustee to consider overbids, the objecting party will be required to submit an irrevocable overbid that is at least 10 percent higher than the consideration being paid by Tareq accompanied by a $25,000 deposit payable to "Rincon Law, LLP, IOLTA."

I.      STANDARDS FOR APPROVAL OF A COMPROMISE

To the extent the transaction is considered to be a compromise, the Trustee believes it satisfies the requirements set forth in *In re A & C Properties*, 784 F. 2d 1377 (9th Cir. 1986). Approval or rejection of a compromise is within the Court's discretion. In considering the approval of a proposed compromise, the Court must take into account the following factors:

1.      The probability of success in the litigation;

2.      The difficulty, if any, to be encountered in collection;

3.      The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it;

4.      The paramount interest of creditors and proper deference to their reasonable views.

Case: 25-30519    Doc# 38    Filed: 07/27/26    Entered: 07/27/26 09:17:54    Page 4 of 7

4

*In re A&C Properties*, 784 F. 2d at 1381.

### A. Probability of Success on the Merits

The documents the Trustee has obtained in the course of her administration of the estate do not clearly show intentional diversion of funds by either Maher or Tareq and the Trustee suspects that success at trial would be heavily dependent on oral testimony. The Trustee attributes a probability of 40 percent or less in obtaining a judgment against either Maher or Tareq. These claims are subject to the lien in favor of the Small Business Administration which secured a debt of approximately $150,000.

### B. Difficulty in Collection

The Trustee believes that collection of a judgment against either Maher or Tareq would be very difficult. She believes it likely that each would appeal an adverse judgment.

### C. Complexity, Expense, and Delay

The Trustee believes that a trial against either Maher or Tareq would be very expensive. Retention of expert witnesses would be necessary and attorney fee and forensic accounting expense would be very high. Both Maher and Tareq have already spent significant sums on their attorneys. Trial and any subsequent appeal would cause significant delay in administration of the bankruptcy estate.

### D. Paramount Interest of Creditors

Creditors are receiving notice of the opportunity to make their opinions known. The Trustee believes that the sales and compromise are in the best interests of creditors primarily for the reasons of avoidance of litigation expense, certainty, and reduction in the time necessary to administer the estate.

## II. STANDARDS FOR APPROVAL OF A SALE

The Court may authorize a debtor or trustee to sell property of the estate on adequate notice under 11 U.S.C. § 363(b). The proper standard for a court to use when considering a proposed motion to sell assets is the business judgment test. *Equity Sec. Holders v. Lionel Corp. (In re Lionel)*, 722 F. 2d 1063 (2nd Cir. 1983). It is this standard that has been adopted by the vast majority of Courts. *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 515 (Bankr. N.D. Ala. 2002).

The sale of the license is at a price in the upper range of value. Based on the Trustee's assessment of the merits of pursuing litigation of claims, the Trustee believes receiving $50,000 for selling and compromising the claims against Tareq and selling the claims against Maher to Tareq is in the best interest of the estate.

> Under this standard, the Trustee has the burden to establish sound business reasons for the terms of a proposed sale. Factors for the Court to consider in whether to approve the sale include: (1) any improper or bad faith motive, (2) price is fair and the negotiations or bidding occurred at arms-length, (3) adequate procedure, including proper exposure to the market and accurate and reasonable notice to all parties in interest. The Trustee is responsible for the administration of the estate and his or her judgment on the sale and the procedure for the sale is entitled to respect and deference from the Court, so long as the burden of giving sound business reasons is met. *In re Bakalis*, 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998) (noting discretion accorded to trustee with regard to sale of assets).

285 B.R. at 514.

The transaction must make good business sense and the creditors as a whole should benefit. *In re UAL Corp.*, 443 F. 3d 565, 571 (7th Cir. 2006).

> The "business judgment" test, as it is sometimes called, differs from the business judgment rule under corporate law. 3 Collier in Bankruptcy ¶ 363.02[4] at 363-18 (Alan and Resnick and Henry J. Sommer, eds., 16th ed. 2012). The bankruptcy court reviews the trustee's business judgment "to determine independently whether the judgment is a reasonable one." Id. At the same time, the court "should not substitute its judgment for the trustee's." Id. A trustee has considerable discretion when it comes to the sale of estate assets, and that discretion is entitled to "great judicial deference" as long as a sound business reason is given. *In re State Park Bldg. Grp. Ltd.*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005); *In re Murphy*, 28 B.R. 1, 5 (Bankr. D. Me. 2002); *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 516 (Bankr. N.D. Ala. 2002).

*In re Efoora, Inc.*, 472 B.R. 481, 488 (Bankr. N.D. Ill. 2012).

In analyzing the proposed sale, the Court must consider whether the sale is in the best interests of the estate, based on the facts and history of the case. *In re America West Airlines*, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) (citing *In re Lionel Corp.*, 722 F. 2d 1063, 1071 (2nd Cir.

Case: 25-30519    Doc# 38    Filed: 07/27/26    Entered: 07/27/26 09:17:54    Page 6 of 7
6

1983)). The courts examined the "business justification" for the proposed sale. *In re Wilde Horses Enterprises, Inc.*, 136 B.R. 830 (Bankr. C.D. Cal. 1991) (citing *In re Lionel Corp.*, 722 F. 2d 1063, 1071 (2nd Cir. 1983)). A trustee or debtor has broad power under Section 363 to sell property of the estate and the manner of sale is within her discretion. *In re The Canyon Partnership*, 55 B.R. 520, 524 (Bankr. S.D. Cal. 1985).

## III.    CONCLUSION AND PRAYER

WHEREFORE the Trustee requests entry of an order authorizing the relief described above.

DATED:  July 27, 2026                    RINCON LAW, LLP


By:  */s/Charles P. Maher*
     Charles P. Maher
     Counsel for Marlene G. Weinstein,
     Chapter 7 Trustee