Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for Marlene G. Weinstein,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

    ZANOON INC.
       *dba* Crepevine/Cascabel,

    Debtor.

Case No. 25-30519 HLB
Chapter 7
Hon. Hannah L. Blumenstiel

[No Hearing Required Unless Requested]

**<u>DECLARATION OF CHARLES P. MAHER</u>**

I, Charles P. Maher, declare as follows:

1. I am a partner at the law firm Rincon Law, LLP, counsel to Marlene G. Weinstein in her capacity as Chapter 7 Trustee of the estate of the above Debtor. I have been involved in the case since July 2, 2025.

2. On July 6, 2025, a Sunday, the Trustee called me by telephone to report that she had been told that someone had broken into the Debtor's premises at 1131-1133 4th Street in San Rafael, California. I live in the vicinity of San Rafael and agreed to visit the premises myself.

3. At the premises, I met Maher Fakhouri and Tareq Fakhouri, who I understand are cousins. Tareq Fakhouri is a 35 percent shareholder of the Debtor. Maher Fakhouri is a 65 percent shareholder of the Debtor. Tareq Fakhouri is the owner/operator of the entity that is the Debtor's landlord at the 4th Street premises.

Case: 25-30519   Doc# 38-2   Filed: 07/27/26   Entered: 07/27/26 09:17:54   Page 1 of 3

1

4. I learned that there was not a "break-in," but that Tareq Fakhouri had entered the premises to dispose of perishable items at the restaurant. In my opinion, he had the right to enter the premises as landlord in any event. Nothing else had been disturbed.

5. The tension and hostility between Tareq Fakhouri and Maher Fakhouri was obvious. I learned that they had been involved in litigation in Marin County Superior Court for some time.

6. At a later date, the Trustee and I visited the premises with Tareq Fakhouri and reviewed records on site. Most of the records were old and of no practical use to the Trustee.

7. I communicated with Maher Fakhouri's state court counsel and with Tareq Fakhouri's state court counsel about the litigation. I shared my opinion that disputes between them should be settled and my hunch that, at the end of expensive litigation, there might be little to collect from either of them. The suggestion fell on deaf ears.

8. Later, I was approached by Tareq Fakhouri's attorneys with a proposal to purchase claims owned by the estate against Maher Fakhouri and to settle claims owned by the estate against Tareq Fakhouri for a monetary sum payable to the estate. The claims included claims asserted by Maher Fakhouri in his complaint against Tareq Fakhouri and the claims asserted by Tareq Fakhouri in his cross-complaints against Maher Fakhouri and others. On behalf of the Trustee, I was able to negotiate a sale of those claims and a sale of the bankruptcy estate's liquor license to Tareq Fakhouri. The agreement is described in the Trustee's notice filed concurrently with this declaration.

9. With the assistance of the Trustee's accountants at Bachecki, Crom & Co., I reviewed electronic records related to transfers from the Debtor to Maher Fakhouri and to Tareq Fakhouri. I did not find evidence to support diversion of great amounts of funds by either one and I suspected, especially with respect to Maher Fakhouri, that any judgment the Trustee might obtain would be uncollectable.

10. I informed the Trustee that my opinion was that litigation against either Tareq Fakhouri or Maher Fakhouri would be expensive and the outcome would be uncertain. In my opinion, the expense could not be justified.

/ / /

/ / /

I declare under penalty of perjury that the above statements are true and that if called as a witness I would testify to their truthfulness. This declaration is executed on the 27th day of July 2026 in San Francisco, California.

*/s/Charles P. Maher*
Charles P. Maher